**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEONEL REYES-SALINAS,

Petitioner,

v. No. 1:26-cv-03376-KG-KRS

GEORGE DEDOS, *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Leonel Reyes-Salinas's Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, and the Response, Doc. 6. For the reasons below, the Court denies the Petition.

***I. Background***

Petitioner is a citizen of Mexico who entered the United States without inspection or parole on or around October 2021. Doc. 1 at 5. On August 11, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") and issued a Notice to Appear. *Id.* at 7. Since then, Petitioner has remained in immigration custody and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. *Id.* at 3, 7. On September 21, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). *See* Doc. 6 at 5–6. After the hearing, the IJ found that Petitioner was a flight risk and denied bond. *Id.* at 5. The IJ's written order stated: "The Court finds [Petitioner] to be a flight risk not mitigatable through imposition of financial bond." *Id.*

Petitioner seeks immediate release, alleging the IJ conducted a "sham hearing[.]" Doc. 1 at 11. Petitioner further asks this Court to declare that the "Immigration Judge abused their

discretion in denying Petitioner bond by unjustifiably finding Petitioner a flight risk[.]" *Id.* Respondents oppose the Petition. *See* Doc. 6. They contend the Court lacks jurisdiction to review the IJ's discretionary decision to deny bond. *Id.* at 2–3.

***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

***III. Analysis***

The Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See* Doc. 6 at 5–6. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk. *Id.* at 5. Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies due process.

***IV. Conclusion***

For the reasons above, the Petition for a Writ of Habeas Corpus, Doc. 1, is DENIED.

IT IS SO ORDERED

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.